Please the court. My name is Lloyd Tooks, and I represent the appellant, Harry Burnett, in this appeal. In the lower court, the district court granted summary judgment for the government, the defense, on a sole issue. The issue was a statute of limitations type failure to timely exhaust administrative remedies in an Equal Employment Opportunity Commission case. Mr. Burnett, although he fully exhausted administrative remedies, the district court said he did not initiate the administrative process in a timely fashion and therefore granted summary judgment for the government. The government admits that the sole issue before this court on this appeal is whether the district court was correct in doing so. Our arguments, generally as briefed, are threefold. One, whatever other legalities are involved, we would respectfully submit that when a federal sector employee pursues the entire administrative process, every step of the administrative process, and the government never raises an issue of untimeliness, then that federal sector employee takes a portion or all of his case into federal court, as he is entitled to do. The government never raises an untimeliness in their answer to the complaint. In that situation, we would submit the government has waived an untimeliness argument. Are they claiming that it's jurisdictional? No, they are not. They're stating what the law is, and that is that it is akin to a statute of limitations that can be waived. You know, I've just taken some notes beforehand. It seems that you're asking the Ninth Circuit to develop a timeliness rule that provides that if you don't timely challenge, the timeliness of an untimeliness challenge, your timeliness challenge is untimely. That's correct. In a nutshell? Absolutely, as you said, Your Honor. Okay. So what you're saying basically is asking for a rule, basically a bright line rule, that says that if the government doesn't raise a timeliness challenge during the administrative process and the administrative matter is resolved on the merits, the timeliness challenge is waived. That's one rule. That would be the result. That's the result of your request. I'm not saying there's anything wrong with it. I mean, I'm just putting it in a nutshell. That is one argument. That's one argument. A second argument is the argument on the regulation that we've been dealing with, 1614.107A2, which says that the government shall dismiss a complaint that is untimely unless it extends the period. Now, our suggestion to you is that shall means mandatory, and it is mandatory because there is only one other alternative set forth in the regulation itself. The regulation doesn't say shall and then doesn't say anything else. The regulation says shall unless the time period is extended. So that regulation requires dismissal early on before an administrative hearing takes place.  That's where I have trouble because the regulation is irated. There are two ways to get an extension. One of them is under – I'm sorry, I've lost the – 105A2. Yeah, thank you. And that requires, in effect, a request by the employee, which didn't happen here. And under the statutes, the regulation that you were just talking about, as I read it at least, the agency can extend the time limits by itself waiving them, or it can be stopped to enforce the time limit by saying something stupid that misleads people, or it can say the time period was equitably told. But I don't understand how just not dismissing before the request for hearing constitutes some kind of waiver. Which is a different argument from your first argument. That's true. My response is, as I indicated, because that provision has an unless the time is extended. Well, that's just what I've been telling you. It seems to me, though, it has to be extended. It can't just extend. Okay, my response is, who says it was not extended? Me. Well, that gets me to another point, Your Honor. They don't have to have anything in writing to extend. There's nothing that says, as the agency tries to submit to you, that there must be something in writing. Nowhere is there anything. Why couldn't it have been extended based on the action of the agency, is what I'm suggesting to you. They acted in a certain way that at least circumstantially would indicate they extended. Yeah, all right, fine. I just don't get that argument. I do indeed get your argument that once you've gone through a process and decided it on the merits, and have not raised an affirmative defense in your answer in the federal district court, that that's a pretty powerful indicator that you've waived it. Yes. Yes, Your Honor. And attached to that argument is a second argument that admittedly I did not raise in the district court, but I did raise in my appellate briefs, and I submit that it was appropriately raised in the appeal because it is just a purely legal argument. And under this circuit's rule, you can consider purely legal arguments on appeal. As the court is aware, an affirmative defense in the nature of a statute of limitations, like the defense we're talking about here, must be set forth in the answer. If not set forth in the answer, it's waived. The federal rules indicate that. And I've cited a couple of your cases that say exactly that. So that's the third argument that is a little different from asking you to consider it waived based upon just the nature of events. Well, isn't that a simple way to resolve this case? It is a simple way, yes, Your Honor. And unless there are any further questions, I'll reserve the remainder of my time. Thank you. Surely. Cipriani? May it please the Court, Cindy Cipriani, appearing for the government. You have kind of a tough row to hoe, I think. I wonder why you wait seven years to raise the defense. You know, Your Honor, there is a good reason for that. I will tell you what it is. S.E.R., if you look at S.E.R. 17, that's the complaint of discrimination. And it was accompanied by a letter. And what it shows is that the complaint was extremely vague. And the particular issues that were raised in district court that were untimely were never really fleshed out at the front end when the agency makes that decision about whether or not to dismiss something as untimely. And also, the decision on the merits affected a totally different timely claim that was raised at the hearing and in the formal complaints. And so what did you say about the merits? I didn't hear the first part of what you said. The decision on the merits, they proceeded to a hearing, and that hearing concerned promotion claims that the complainant wasn't promoting. And the agency adopted as its final agency decision, the EEOC judge's decision, that there was no valid promotion claim on the merits. What was not decided on the merits by the agency or the EEOC were these two isolated claims of, number one, to sit in for a supervisor. Those were treated pretty much throughout the litigation during the administrative proceedings as essentially background claims to the promotion claim that was at the forefront. So at the time that he's actually giving his formal complaint to the agency, he submits a letter with it. And the only thing that it says in the formal complaint is that he wants to look at promotional opportunities. Then in his letter he says, I'm not even sure what I'm complaining about. The facts in the investigation should show. I just sense the promotional process is unfair. So it's not until he loses at the administrative hearing on the promotion claim because they were so incredibly weak on the merits that he decides to repackage the claim in district court and rely on these isolated, I was denied training on one occasion, and I was denied the opportunity to sit in for a supervisor. Okay. So how come the answer doesn't raise the? I would argue, Your Honor, that the answer does say that it fails to state a claim. And when a complaint on its face fails to state a claim, that can be viewed as encompassing the statute of limitations. If it raises the statute of limitations defense. What authority do you have for that? Well, I do have a district court case. Okay. It is unpublished. But I know that it is. I mean, that's just a tough sell. Also, Your Honor, I think it's encompassed in jurisdiction because it does say fail to follow the prerequisites of exhaustion. It mentions jurisdiction. And this is not jurisdictional. It is the statute of limitations. But it says that it fails to state a claim, and it also says fail to exhaust. And encompassed in exhaustion is timely exhaustion. That's a real stretch, counsel. Well, Your Honor, the other thing I would say is. . . It should have been raised as an affirmative defense in the answer at the very least. The other thing I would say is that it wasn't necessarily clear at the time the plaintiff inserted his complaint that he was raising not the promotion claim in any sense, but only these background claims. So it really became clear in interrogatories which are submitted for the court with the record. Well, he might lose on the merits. We're not talking about that. I'm sorry, Your Honor. I didn't catch that. This hasn't been heard on the merits. No, it was not heard on the merits, but this panel can affirm for any basis that's reflected in the record. And the record does reflect the merits of the two claims that we are alleging are untimely. And it can be affirmed for any basis in the record. In the record, it was argued below that on the merits, the claims fail for a number of reasons. For example, with regard to the issue of sitting in for a supervisor, the plaintiff admitted that he did not want supervisory opportunities. He did not want to be a supervisor because that would require him to move around. He did not want to geographically relocate. So they were offering that opportunity to people who did want to be supervisors, not to just get promoted, but get promoted as a supervisor. So that's factual. Often we can do it if it's simply a matter of law. But this is your argument is based on a factual determination. Right. That is clear from the record, Your Honor, that on the merits, the claims fail, regardless of whether you send it back to the district court for further proceedings.  Or you would have the option of affirming for all the reasons set forth in the record, which include the factual basis. There was no pretext shown as to the denial of training, and there was no pretext shown, and it's not even clear that they're adverse actions, as to not allowing him to sit in as a supervisor for one particular supervisor that he had not reported to for a year before he raised this issue about promotions. And I'd also indicate that I think I disagree with counsel that it's a purely legal argument as to whether or not we waived by not including it in the answer. That has never been raised before the appellant's reply brief in this instance, and Rule of Appellant Procedure 28A.5 does require you to state all of your theories in your initial brief. That was not stated in the initial brief. It was raised for the first time in the reply brief, so defendant did not have an opportunity to fully brief that issue. Okay, anything else? All right, thank you. You know, one other point, Your Honor, that I'd like to make is that if the court is looking at Boyd versus the Seventh Circuit approach, there are very pro-complainant reasons to stay with the Boyd approach. And the reason is that it allows all the claims to go to a hearing, and rather than forcing the agency to parse out and ferret through the record and requiring the agency to call every claim that potentially might be untimely before the hearing, the complainant gets the benefit of having a hearing on every possibly discriminatory claim and getting a ruling on the merits. And according to Boyd, once there is a discrimination finding on the merits, no one can argue untimeliness after that. Let me just ask you a question. The common ground will express somewhat differently occupied by other circuits, except the Fifth, seems to be that the mere receipt or mere investigation of a complaint doesn't waive, but a determination on the merits can. How does that square with the regulation? Well, Your Honor, I would say the regulation does not indicate internally within the regulation there is no remedy that is required. There is no sanction for failing to dismiss. So I think that it's really apples and oranges. The regulation says the agency shall dismiss, which we view as authorizing the agency to dismiss, but it doesn't say that if the agency doesn't dismiss, there is a waiver. It simply encourages the agency to dismiss prior to the hearing. If the agency doesn't dismiss prior to the hearing and there's a finding of discrimination, under Boyd, the agency could no longer argue timeliness. If the agency doesn't dismiss before the hearing and, in fact, makes an actual affirmative finding of timeliness and communicates that to the complainant, the agency can never again argue that it was untimely. And also under Girard, if the EEOC finds that it's timely, the government speaks its own voice and the agency cannot appeal the EEOC determination in district court. So basically I find that, in my view, the regulation simply encourages the agency to dismiss at the earliest possible level of the proceeding or at least prior to the hearing, but it does not provide any penalty or any waiver or sanction against the agency for failing to do so. I think it's been more on equitable principles. The courts have looked at this issue and found that if the agency affirmatively communicates you're timely, the agency should be stopped from arguing otherwise. If there's a finding of discrimination, the plaintiff would be prejudiced by taking that away and all of a sudden attempting to argue at the district court that it's untimely. And also, if there is absolutely an EEOC finding, an affirmative judge finding of timeliness, it would be unfair to the claimant to take that away. So in my view, those are circumstances beyond just merely getting to the merits and making a determination on the merits, which in this case did not benefit the plaintiff because his case was so weak on the merits. And this particular situation occurred also because at the time he had raised his claim, Morgan was not in effect. So there was a continuing violations theory that was recognized. Now Morgan controls. So essentially, by finding that there was a waiver of untimeliness here, or a waiver by the agency by failing to declare untimeliness, you would have been holding the agency to a standard of law that wasn't in effect at that time. Okay, thank you. If you're all right, Mr. Chooks. Thank you, Your Honor. Three points. With respect to Ms. Cipriani's solicitation, consider on the record the merits of the case as a means of disposing of this case. Understand that it would be unfair because the record doesn't contain the plaintiff's side of the merits. This appeal was pursued by the plaintiff just on the procedural issue. We didn't put in the record the merits. Therefore, you would be looking at the merits solely based on what the defense has put in there. And that would be unfortunate, would be improper, I would respectfully submit, since it is not an objective, complete record on the merits. Secondly, I misspoke when I said that waivers should be presumed from a failure to follow the regulation. What the regulation indicates is that you either dismiss unless the time is extended. So the failure to dismiss is indicative of the agency's extending the time, is what I meant to say, rather than waiver. Finally, with respect to the question that came to Ms. Cipriani, why did this happen? Please understand, as I know you do, that Ms. Cipriani is making argument of counsel. There were no affidavits submitted in this case as to why the agency did what it did or didn't do what maybe it should have done, none whatsoever. And since this case was decided on a motion for summary judgment, all inferences are in favor of the plaintiff. Therefore, any inferences made as to why the agency did not raise the issue of timeliness should be made in favor of the plaintiff. And the suggestion should be that they didn't raise timeliness because they waived it or they extended the time. Since there is no testimony, no evidence as to why they did what they did, I would respectfully request the inference to be in favor of the plaintiff. Unless there are any questions, I would like to thank the Court. Thank you, Mr. Tooks. Thank you, counsel. The matter just argued will be submitted and will next be heard.
judges: Fletcher, Rymer, Beistline